**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:26-cv-00617-MOC**

| | | |
|---|---|---|
| **GELBER EDUARDO LOPEZ Y LOPEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | **<u>MEMORANDUM OF</u>** |
| | ) | **<u>DECISION AND ORDER</u>** |
| **Respondents.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 [Doc. 1] and the Respondents' Motion to Dismiss or Transfer [Doc. 5].

## I. BACKGROUND

Petitioner Gelber Eduardo Lopez y Lopez is a native and citizen of Guatemala. [Doc. 1 at ¶ 1]. He entered the United States in 2016 without inspection. [Id. at ¶ 26].

On August 2, 2026, the Petitioner was arrested for resisting an officer by the Union County Sheriff's Office. [Doc. 6-1 at ¶ 5, Ex A]. United States Immigration and Customs Enforcement ("ICE") was made aware that the Petitioner was incarcerated in the Union County Jail. Petitioner was taken into custody and detained at the ICE Charlotte Field Office and he was placed in removal proceedings pursuant to 8 U.S.C. § 1229. [Doc. 6-1 at ¶¶ 5, 7-8, Ex. B]. He was served with an I-862 Notice to Appear form that alleges that he is subject to removal because he is "an alien present in the United States who has not been admitted or paroled" pursuant to INA §§ 212(a)(6)(A)(i) and (a)(7)(A)(i)(I), which are codified as 8 U.S.C. §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). [Doc. 6-1 Ex B]. The Petitioner was transferred to the Irwin County Detention Center in Ocilla, Georgia,

that same day. [Doc. 6-1 at ¶ 5]. He is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A). [Doc. 6-1 at ¶ 8].

Also on August 3, 2026, Petitioner filed the instant § 2241 Petition at 3:41 p.m. [Doc. 1]. At that time, counsel believed Petitioner to be located at the Charlotte Field Office. [See Doc. 1 at ¶ 9; Doc. 1-1 (ICE Locator Search for 8/3/26 at 2:50 p.m., showing zero results)]. Petitioner argues that he is being unlawfully detained without the opportunity to challenge his continued detention. He names as Respondents Markwayne Mullin, the U.S. Secretary of Homeland Security; Todd Blanche, the United States Attorney; and Landon Francis, the ICE Atlanta Field Office Director who oversees ICE detention facilities in Charlotte, North Carolina.

The Petitioner asserts violations of the INA, and of procedural and substantive due process. He seeks relief under § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651. He asks the Court to *inter alia* assume jurisdiction over this matter; declare that 8 U.S.C. § 1226(a) governs Petitioner's detention; order Petitioner's immediate release from immigration custody, conduct a bond hearing, or order a bond hearing before the Immigration Court and retain review of the same; and grant any other relief the Court deems just and proper.

The Respondents filed a Motion to Dismiss or Transfer Petition for Writ of Habeas Corpus.[1] [Doc. 5]. They argue that the Petition should be dismissed, transferred, or denied because: Petitioner fails to allege that he exhausted his administrative remedies by requesting a bond hearing; the Petition should be transferred to the Middle District of Georgia where Petitioner is being detained; and the plain language of § 1225(b)(2) mandates Petitioner's detention and, as such, his INA and due process claims fail. [Doc. 6].

Petitioner filed a Response asking the Court to deny the Motion to Dismiss, or to hold the

[1] Counsel appeared for the limited purpose of responding to the Petition, and preserves all defenses. [See Doc. 6 at 1, n.1].

matter in abeyance pending a bond hearing to ensure its constitutionality. [Doc. 7].

The Respondents have not replied and the time to do so has expired. These matters are ripe for consideration.

## II. LEGAL STANDARD

The "essence of habeas corpus" is "an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Under § 2241, federal district courts are granted broad authority, "within their respective jurisdictions," to hear applications for writs of habeas corpus filed by persons claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c). In other words, the function of a habeas petition is to challenge "the very fact or duration of [the petitioner's] physical imprisonment, and the relief that [the petitioner] seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment ...." Preiser, 411 U.S. at 500.

## III. DISCUSSION

### a. Venue

Title 28, Section 2241 provides district courts with authority to grant relief "within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (quoting 28 U.S.C. § 2241(a)). As a general matter, "a habeas petition seeking to challenge present physical custody should be filed 'in the district of confinement' and 'the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Id. at 426 (quoting 28 U.S.C. § 2242); see Kanai v. McHugh, 639 F.3d 251, 255 (4th Cir. 2011) ("When a petitioner is physically detained ... the 'district of confinement' necessarily is the location of both the habeas petitioner and the immediate custodian"). The custodian is "'the person' with the ability to produce the prisoner's

body before the habeas court." Padilla, 542 U.S. at 434. Because "[b]y definition, the immediate custodian and the prisoner reside in the same district," the Court generally requires petitioners to name "some person who has the immediate custody of the party detained" rather than "the Attorney General or some other remove supervisory official." Suri v. Trump, 2025 WL 1806692 (4th Cir. July 1, 2025). A subsequent transfer "does not strip the court of jurisdiction over the petition." Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434 (3d Cir. 2021); see, e.g., Adepoju v. Scales, 782 F.Supp.3d 306 (E.D. Va. May 14, 2025).

These "default" district of confinement and immediate custodian rules are not absolute. Suri, 2025 WL 1806692, at *4. The Supreme Court has recognized that, when an individual is "held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." Padilla, 542 U.S. at 450 n.18. This "unknown-custodian exception" provides that, "if the government moves a detainee from a district and their attorney cannot discover their location with reasonable inquiry, the attorney may file a habeas petition in the detainee's last-known location against their ultimate custodian." Suri, 2025 WL 1806692, at *4; see, e.g., United States v. Moussaoui, 382 F.3d 453, 465 (4th Cir. 2004) (where the immediate custodian is unknown, it is proper to serve the petitioner's ultimate custodian).

The parties appear to agree that the Petitioner was located in Charlotte when the Petition was filed. Even if he was in transit to Georgia at the time of filing, Charlotte was the last location known to counsel. Filing in this Court was, therefore, appropriate and the Respondents request that this action be transferred to Petitioner's present district of confinement is denied.

**b. Exhaustion**

"As a general rule, in the absence of exceptional circumstances…, courts require[] exhaustion of alternative remedies before a prisoner can seek federal habeas relief." Timms v.

Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) (internal quotations and citations omitted). "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." Id.; see also Miranda v. Garland, 34 F.4th 338, 351 (4th Cir. 2022) (recognizing that in the absence of a statutory exhaustion provision, "the district court [has] discretion to decide if administrative exhaustion [is] required"). Discretionary exhaustion may be excused when "the legal question is 'fit' for resolution and delay means hardship ... or when exhaustion would prove 'futile[.]'" Shalala v. Ill. Council on Long Term Care, 529 U.S. 1, 13 (2000) (citations omitted). "[A]n administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it." McCarthy, 503 U.S. at 148 (citation omitted).

The Petitioner argues that it would have been futile to request a bond hearing before filing his § 2241 Petition because he was being subjected to mandatory detention pursuant to § 1225(b)(2), which the Board of Immigration Appeals announced in a precedential decision to apply to noncitizens who entered the country without admission or parole are ineligible for a bond hearing. [See Doc. 1 at 5]; Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025).

First, the Respondents contend that requesting a bond hearing is not futile because such a request in Petitioner's present district of confinement would likely succeed. [See Doc. 6]. The relevant question is whether it would have been futile for Petitioner to request bond in this District *prior to filing* the instant § 2241 Petition. See generally Timms, 627 F.3d at 532 (finding that petitioner failed to exhaust his administrative remedies prior to filing his petition seeking federal habeas relief). The potential availability of a bond hearing at present in Georgia is irrelevant to whether pre-filing exhaustion in this District was futile. Cf. Said v. Mullin, 2026 WL 1961868 (W.D.N.C. July 7, 2026) (dismissing for lack of exhaustion, finding that it would not be futile for petitioner to request a bond hearing in his current district of confinement in the Eleventh Circuit).

At the relevant time, the Government purported that Petitioner was subject to mandatory detention pursuant to § 1225(b) pursuant to a precedential BIA decision. Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025). In Matter of Yajure-Hurtado, the Board of Immigration Appeals (BIA) held that individuals who entered the United States without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) for the duration of their removal proceedings. 29 I & N at 220. The United States has adopted this position to categorically deny bond eligibility to noncitizens like the Petitioner, and the Circuits are split on the issue. At the time that Petitioner filed the instant § 2241 Petition, the Fourth Circuit had not yet weighed in. See Said v. Mullin, 2026 WL 1961868, at *3 n.4 (W.D.N.C. July 7, 2026).

The Court finds that it would have been futile for the Petitioner to exhaust his administrative remedies before filing this Petition under these circumstances. See generally McCarthy, 503 U.S. at 148; see, e.g., Duarte Escobar v. Perry, 807 F.Supp.3d 564, 572 (E.D.Va. Oct. 27, 2025) (collecting cases). Accordingly, the Respondents' Motion to Dismiss for lack of exhaustion is denied.

**c. Merits**

The crux of the parties' dispute is whether Petitioner is subject to mandatory detention pursuant to § 1225(b), or whether he is entitled to a discretionary bond hearing pursuant to § 1226.

The Fourth Circuit Court of Appeals recently held in that "Section 1226, not Section 1225, applies to noncitizens who … have been present in the United States for years regardless of how they entered the country." Lopez Garcia v. Guardian, __ F.4th __, 2026 WL 2661092, at *6 (4th Cir. Sept. 10, 2026). A noncitizens who is detained pursuant to § 1226 is entitled to a bond hearing before an immigration judge, for a determination whether he poses a danger to the community, and is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d).

The Petitioner correctly asserts that he is being detained pursuant to § 1226, and not § 1225. Unless an Immigration Judge makes a determination pursuant to § 1226(a), Petitioner's continued detention violates § 1226 and due process. See Lopez Garcia, 2026 WL 2661092 at *19; Mathews v. Eldridge, 424 U.S. 319 (1976).

The Respondents will, therefore, be required to hold a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within forty-eight hours of this Order. The Respondents will be enjoined from denying bond to the Petitioner on the grounds that he is being detained pursuant to § 1225(b).

The Respondents' Motion to Dismiss on the merit of Petitioner's claim that he is being unlawfully detained without a bond hearing is denied.

## IV. CONCLUSION

For the reasons stated herein, the Respondent's § 2241 Petition is granted as stated in this Order, and the Respondents' Motion to Dismiss or Transfer is denied.

## ORDER

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus under § 2241 [Doc. 1] is **GRANTED** as described in this Order.
2. The Respondents' Motion to Dismiss or Transfer [Doc. 5] is **DENIED**.
3. Respondents shall **HOLD A BOND HEARING** before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within **forty-eight (48) hours** of this Order.
4. Respondents are **ENJOINED** from denying bond to Petitioner on the grounds that he is detained pursuant to 8 U.S.C. § 1225(b).
5. Respondents shall **FILE** a status report with this Court within **three (3) days** of the

bond hearing, stating whether the Petitioner has been granted bond and, if his request for bond was denied, the basis for such denial.

6. If Petitioner is released on bond, Respondents are **ENJOINED** from rearresting Petitioner, unless he has committed a new violation of any federal, state, or local aw, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

**IT IS SO ORDERED**.

Signed: September 22, 2026

Max O. Cogburn Jr.
United States District Judge